ESTATE OF GEORGE S. HALAS, SR., DECEASED, VIRGINIA H. MCCASKEY, EXECUTOR, AND MICHAEL R. NOTARO, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Halas v. Commissioner
Docket No. 8438-88
United States Tax Court
T.C. Memo 1989-536; 1989 Tax Ct. Memo LEXIS 536; 58 T.C.M. (CCH) 280; T.C.M. (RIA) 89536; September 28, 1989
*536 H, Jr., and H, Sr., owned stock in the Chicago Bears, Inc. H, Jr., died in 1979. In 1981, the Chicago Bears was reorganized. H, Sr., transferred his stock to the H Family Holding Company. H, Sr., died in 1983. In 1988, the Chicago Bears purchased stock from the estate of H, Jr. The stock was appraised by three appraisers. W, one of the appraisers, was employed jointly by the estate of H, Jr., and by the Chicago Bears. One of the issues in this case is the fair market value of the shares of the H Family Holding Co. R seeks to employ W to provide an expert opinion. P filed a motion in limine seeking a ruling that it was a conflict of interest for W to provide an expert opinion on behalf of R. Held: W was not previously employed by P nor did W provide an opinion as to the stock of the H Family Holding Co. Held: There is no conflict of interest in R's employing W as an expert witness. James L. Malone, III, for the petitioner. Larry Letkowitz, for the respondent. PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Special Trial Judge: This case is before the Court on petitioner's motion in limine seeking a ruling from the Court that a conflict of interest exists in respondent's employment of an expert witness. [1]
One of the substantive issues in this case is the fair market value of shares of the Halas Family Holding Company as of the *538 date of George S. Halas, Jr.'s, death. The primary assets of the Halas Family Holding Company are class B common stock of the Chicago Bears Football Club, Inc. (hereinafter the Chicago Bears) and an interest in a partnership formed to construct and own skyboxes at Soldier Field. Respondent seeks to utilize the services of Willamette Management Associates, Inc. (hereinafter Willamette) to provide an expert opinion in this regard. Petitioner has moved that the Court bar respondent from "consulting with, reviewing and/or introducing at trial any expert reports, memoranda or oral testimony prepared by or on behalf of the firm of Willamette Management Associates, Inc., its officers, * * * and/or any related corporations * * *." FINDINGS OF FACT George Halas, Jr. (hereinafter Halas, Jr.), and his father, George Halas, Sr. (hereinafter Halas, Sr.), owned stock in the Chicago Bears. Halas, Jr., died in 1979. In 1981, the Chicago Bears was reorganized and recapitalized under section 368(a)(1)(E) and (F) as a Delaware corporation. Common stock of the Chicago Bears held by Halas, Sr., and the estate of Halas, Jr., was exchanged for equivalent amounts of stock of the reorganized Chicago *539 Bears. Halas, Sr., received shares of class B common stock and the estate of Halas, Jr., received shares of class C common stock. Immediately after the recapitalization, Halas, Sr., transferred his class B common stock in the Chicago Bears to the Halas Family Holding Company in exchange for stock of the latter and a $ 1,000,000 promissory note. Halas, Sr., died in 1983. In 1988, the Chicago Bears exercised its right of first refusal and purchased shares of its class C common stock from the estate of Halas, Jr. The stock was appraised for purposes of the sale by three valuation experts: one selected by the Chicago Bears, one selected by the estate of Halas, Jr., and a third appraiser agreed upon by the first two appraisers. The third appraiser was Willamette. The estate of Halas, Jr., and the Chicago Bears jointly employed Willamette. OPINION Petitioner argues that Willamette should be disqualified from acting as respondent's expert because its "fiduciary and confidential relationship" with the Chicago Bears and its owners, past and present, would be violated if respondent were permitted to employ Willamette to value stock of the Halas Family Holding Company. Respondent *540 argues that Willamette had no fiduciary or confidential relationship with petitioner and that its testimony in this case concerning valuation of Halas Family Holding Company stock would not be substantially related to its appraisal of one of the four classes of Chicago Bears common stock. As respondent points out, the cases dealing with the disqualification of experts due to a conflict of interest involve situations where the expert, prior to the litigation, had a relationship with the party seeking disqualification. See, e.g., ; ; ; . We consider such a relationship to be a crucial factor in determining whether an expert witness should be disqualified on conflict-of-interest grounds. We find that no such relationship existed between Willamette and petitioner, and for that reason we agree with respondent. In *541 , the taxpayer sought the exclusion of the testimony and report of respondent's expert witness because the partner of respondent's expert had appraised portions of the decedent's estate. Respondent's expert was unaware that his partner had performed appraisals for the taxpayer, and the Court ruled his testimony admissible on the ground that no confidential information concerning the decedent's estate (the taxpayer) had been received by respondent's expert from his partner. Here, petitioner has not demonstrated that any confidential information concerning petitioner was received by Willamette as a result of its prior work as an appraiser of common stock of the Chicago Bears. In reaching our conclusion that petitioner's motion should be denied, we rely on the fact that it is the estate of Halas, Sr., which is the petitioner herein. Neither the estate of Halas, Jr., nor the Chicago Bears is a party to this proceeding. Although concededly Willamette's experience gained in appraising the class C common stock of the Chicago Bears would be useful to Willamette in appraising stock of the Halas Family Holding Company, *542 the fact remains that petitioner has not shown any confidential relationship between Willamette and either Halas, Sr., or his estate. We further note that Willamette's participation in this case does not appear to be improper under the Principles of Appraisal Practice and Code of Ethics of the American Society of Appraisers. Section 4.5 of the Principles does not permit an appraiser to serve two or more clients with respect to the same property or legal action without the consent of all parties. Permitting Willamette to be retained by respondent would not violate this provision since the property to be appraised by Willamette in this proceeding is not the same as that appraised by Willamette on behalf of the Bears and the estate of Halas, Jr. The property appraised by Willamette in 1988 consisted of shares of class C common stock of the Chicago Bears. In this case, the property to be appraised comprises shares of the Halas Family Holding Company. The Halas Family Holding Company owns shares of class B common stock of the Chicago Bears. It is likely that in appraising the class C common stock Willamette will also consider the other classes of common stock of the Chicago Bears. *543 This is not sufficient, however, for us to find that Willamette should be disqualified. Willamette will not be rendering an opinion concerning property identical to that previously appraised. We conclude that Willamette should not be barred from participation in this case. The property is not identical nor was the appraiser previously employed by petitioner. Accordingly, petitioner's motion will be denied. An order denying petitioner's motion will be issued. Footnotes
1. This case was heard pursuant to sec. 7443A and Rule 180. All section references are to the Internal Revenue Code as amended and in effect as of the date of decedent's death and all Rule references are to the Tax Court Rules of Practice and Procedure.↩